## TYLER GROCERY CO. v. GRIFFIN GROCERY CO.

No. 14175—Opinion Filed Oct. 23, 1923.

(Syllabus.)

**Sales—Time of Delivery—Construction of Contract.**

Where G. bought four cars of sugar from T. f. o. b. Sugarland, Tex., for June ship-

ment and no shipping instructions were given at the time of the purchase, but, thereafter, T. advised that the shipment would be a diverted shipment and requested instructions as to points of destination when diverted, and G., without objecting to this method of shipment, furnished T. with instructions as to destinations, and when shipment was made from Sugarland in the month of June in the name of T. for the purpose of being diverted to G. in accordance with shipping instructions, and during the month of June diversion instructions were given to the railroad company and accepted by it, although the physical diversion of the shipments did not actually take place during the month of June, held, that the above constituted a June shipment.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the Tyler Grocery Company against the Griffin Grocery Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Simpson, Lassiter & Simpson and Wilkinson & Hudson, for plaintiff in error.

Horton & Gill, for defendant in error.

COCHRAN, J. This action was commenced by the Tyler Grocery Company, plaintiff in error, against the Griffin Grocery Company, defendant in error, to recover for an alleged breach of contract for the purchase of four cars of sugar. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court.

The Tyler Grocery Company is a wholesale grocery concern located at Tyler, Tex., and the Griffith Grocery Company is a wholesale grocery company located at McAlester, Okla., having several branch houses throughout Oklahoma. The sale of the four cars of sugar was made to the Griffin Grocery Company through E. C. McKenna Company, of Tyler, Tex., as brokers. On May 24, 1920, the broker wired the Griffin Grocery Company as follows:

"Subject unsold offer six carloads three sixty each Imperial June shipment twenty-seven cents f. o. b. refinery plus eighty-three half cents freight this necessary account contract specifying additional freight your city thirteen half cents wire early tomorrow morning if wanted."

On May 25, 1920, the Griffin Grocery Company answered:

"Book four carloads sugar price quoted confirm."

This sale was confirmed on the same day, and thereafter certain correspondence took place between the defendant and the broker explaining the terms of the sale and the method of shipment. In one of these letters, dated May 29, 1920, the broker advised the defendant as follows:

"Answering your letter of May 27th, the four cars of sugar 360 bags 100 lbs. each that we sold you for account of Tyler Gro. Co., Tyler, Tex., at 27c f. o. b. Sugarland plus freight of 83 1-2c is correct. This does not include one penny's profit on the freight. As already explained to you, this sugar was sold to the Tyler Gro. Co. at 27.70 delivered Texas Common Points, and the 13.1-2 additional is the rate quoted us by the railroad companies for diversion to your city. The sugar company will not agree to change the heading on the cars and assume any part of the freight beyond the Texas Common Points. For your information we tried to arrange this in your interests. Please kindly acknowledge receipt of this letter so that there will be no chance for a misunderstanding. We are mailing the Tyler Grocery Company a copy of this letter. Thanking you for past favors, and awaiting your valued commands, we are,

"Yours very truly,

"E. P. McKenna Co.

On June 12, 1920, the following letter was written by the broker to the defendant:

"Referring to four carloads 360 bags 100 lbs. each Imperial that we sold you for account of Tyler Gro. Co., Tyler, Texas, June shipment, Tyler Gro. Co. have filed shipping instructions against this sugar to be diverted to you according to agreement. This sugar is liable to move at any moment. As instructions now stand, these cars will be diverted to you at McAlester, Oklahoma, in the order shipped from refinery. If you desire destination other than McAlester, please kindly notify us immediately on receipt of this letter."

On June 21, 1920, the broker again requested of defendant shipping instructions so that the cars could be properly diverted, and on June 23, 1920, the defendant advised the broker to ship two cars to McAlester, one to Muskogee, and one to Okmulgee. This letter reached the broker on the 25th day of June, 1920, and the Tyler Grocery Company immediately wired the refinery shipping instructions, and the cars were loaded and shipped out of Sugarland, Tex., on June 29, 1920, consigned to Tyler Grocery Company, at Denison, Tex. The bills of lading reached Tyler Grocery Company on June 30, 1920, and on the same day bills of lading with orders for delivery of cars to defendant were mailed to the defendant at McAlester, and the plaintiff telephoned the superintendent of transpor-

tation of M., K. & T. R. Co. at Dallas, Tex., orders for the diversion of the sugar. This order was accepted by the superintendent of transportation, who on the same day wired the agent at Denison, Tex., diversion orders. On June 30, 1920, defendant wrote the plaintiff as follows:

"Concerning sugar that we bought of you through E. P. McKenna Company of your city for June shipment, now that June has come and gone and the sugar has not yet been delivered us, the order is automatically canceled. Please govern yourselves accordingly."

This letter was received by the Tyler Grocery Company on July 2, 1920, and immediately the Tyler Grocery Company communicated with the defendant relative to the attempted cancellation and received the following letter, dated July 3, 1920:

"Unnecessary to spend any more money on wires, we have no intention of accepting the sugar."

The shipment reached Denison, Tex., on July 3, 1920, and had not been physically diverted to the points named in the shipping instructions given by the defendant, and, upon receipt of this communication, the plaintiff canceled the previous diversion orders and made a resale of the sugar at a loss of $6,624. Upon a trial of the case in the district court, a judgment was instructed for the defendant, and the plaintiff has appealed and contends that the undisputed testimony shows that the contract provided for a shipment f. o. b. Sugarland, during the month of June, and not a delivery to the defendant during the month of June, and that the undisputed testimony shows that the shipment was made in accordance with this contract. We have made a careful examination of the record and upon such examination it appears to us that the undisputed testimony shows a full compliance with the terms of the contract by the plaintiff. The telegrams which constituted the original contract were followed by letters showing that this shipment was to be a diverted shipment, and that the same would be shipped from the refinery under the same heading as provided in the contract between the refinery and the Tyler Grocery Company. No objection was made by the defendant to this method of shipment, and when the sugar was ordered out by the defendant under this arrangement and without any objection having been urged, such action constituted a consent to this method of shipment, and the shipment so made constituted a shipment to the Griffin Grocery Company at the time it was loaded on the cars

at the refinery, although shipped in the name of the Tyler Grocery Company, and the plaintiff did all things which were necessary to be done by it for the purpose of completing the shipment and delivering the same to the defendant without delay until advised by the defendant that the shipment would not be accepted at all. Upon receipt of this advice, it was not necessary to make a tender of the sugar, for the plaintiff was within its rights in making a resale of the property.

The judgment of the trial court is reversed, and cause remanded, with directions to enter judgment for the plaintiff and against the defendant according to the prayer of its petition.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.